IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIRCEA F. TONEA,<br><br>       Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>       Defendant. | CIVIL ACTION FILE NO.<br><br>1:17-cv-4138-WSD-JKL |

## **FINAL REPORT AND RECOMMENDATION**

This is at least the fifth case that Plaintiff Mircea F. Tonea has filed in an attempt to stave off a foreclosure sale of property located at 1845 Oak Wind Lane in Buford, Georgia (the "Property"), and at least his third such case against his mortgage servicer, Defendant Nationstar Mortgage LLC ("Nationstar"). The case is before the Court on Nationstar's motion to dismiss [Doc. 3]. Tonea, who is proceeding pro se, has not filed a response in opposition to the motion. As discussed below, I conclude that Tonea's claims in this case are barred by the doctrine of *res judicata*; and I therefore **RECOMMEND** that Defendant's motion be **GRANTED** and that this case be dismissed.

**I.     BACKGROUND**

Tonea filed the instant complaint—entitled a "Verified Complaint for Lack of Standing to Foreclose, Fraud in the Concealment, Fraud in the Inducement, Unconscionable Contract, Breach of Contract, Breach of Fiduciary Duty, Slander of Title, Damages and Relief" (the "complaint")—against Nationstar on October 18, 2017.  [Doc. 1.]  As noted above, Tonea has filed at least four other lawsuits in an attempt to avoid foreclosure on the Property.  *See Tonea v. Bank of Am.*, 1:12-cv-2642-WSD (N.D. Ga. 2012) ("*Tonea I*"); *Tonea v. Bank of Am.*, 1:13-cv-1435-WSD (N.D. Ga. 2014) ("*Tonea II*"); *Tonea v. Nationstar Mortg., LLC*, 1:14-cv-2397-WSD (N.D. Ga. 2014) ("*Tonea III*"); *Tonea v. Nationstar Mortg., LLC*, 1:16-cv-3009-WSD (N.D. Ga. 2016) ("*Tonea IV*").  On January 31, 2017, this Court dismissed *Tonea IV* on its merits for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), holding, among other things, that Plaintiff's allegation that Nationstar lacked standing did not support a cognizable claim for relief under Georgia law.  *See Tonea v. Nationstar Mortg. LLC*, No. 1:16-CV-3009-WSD, 2017 WL 406982, at *4-5 (N.D. Ga. Jan. 31, 2017).

In the present action, Tonea again contends that Nationstar lacks standing to foreclose on the Property because it does not have a valid security interest in the

Property. [*See generally* Doc. 1.] The complaint in this case is a rambling hodgepodge of legal and factual assertions, but best I can tell, Tonea principally challenges the manner in which his mortgage loan was securitized and assigned following its origination in 2004. [*See generally id.*] He asserts a slew of state law claims against Nationstar and seeks damages and declaratory relief. [*Id.* at 19-41.]

On November 13, 2017, Nationstar moved to dismiss the complaint. [Doc. 3.] Nationstar argues that the complaint should be dismissed because it is an impermissible shotgun pleading and fails to state a claim upon which relief may be granted. [Doc. 3-1 at 4-7.] Alternatively, Nationstar argues that Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel. [*Id.* at 7-10.] As previously noted, Tonea has not responded to the motion. For the reasons discussed below, I conclude that Tonea's claims are barred by the doctrine of *res judicata*, and therefore do not address the other arguments that Nationstar raises in its motion.

## II. DISCUSSION

### A. Legal Standards

In evaluating a Rule 12(b)(6) motion to dismiss, a court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not provide "detailed factual allegations," but it must provide factual allegations sufficient to set forth the plaintiff's entitlement to relief. *Twombly*, 550 U.S. at 555. Providing only "labels and conclusions" is insufficient, "and a formulaic recitation of the elements of a cause of action will not do." *Id.* In evaluating a complaint, courts should disregard any allegations that are mere legal conclusions. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (discussing *Iqbal* and *Twombly*). Furthermore, if assuming the truth of the factual allegations of the amended complaint, there is a dispositive legal issue that precludes relief or if it is based on a meritless legal theory, dismissal is warranted. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *see also Brown v. Crawford Cty.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

With regard to Nationstar's argument that Tonea's claims are barred, "res judicata can be applied only if all of four factors are shown: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004) (quotation

omitted). An earlier decision precludes not only identical claims, but also all legal theories and claims that could have been raised earlier and that "aris[e] out of the same nucleus of operative fact." *Baloco v. Drummond Co., Inc.*, 767 F.3d 1229, 1247 (11th Cir. 2014). The court may consider the defense of *res judicata* on a motion to dismiss filed under Rule 12(b)(6) when the existence of the defense can be determined from the face of the complaint. *See Solis v. Global Acceptance Credit Co.*, 601 F. App'x 767, 771 (11th Cir. 2015). The court may also take judicial notice of its own records in resolving a motion to dismiss. *Id*.

### B. The instant action is barred by *res judicata*.

Nationstar argues that *res judicata* bars Tonea's present suit because: (1) a court of competent jurisdiction; (2) adjudicated the earlier cases on their merits; (3) the earlier cases involved the same parties; and (4) the lawsuits have all involved the same operative facts. [Doc. 3-1 at 7.] I agree.

The first factor is met because the decision in *Tonea IV* was rendered by this Court, which is unquestionably a court of competent jurisdiction. The second factor is satisfied because this Court's decision in *Tonea IV* was a final judgment on the merits. *See Tonea IV*, 2017 WL 406982, at *4-5 (dismissing Tonea's substantive claims on the merits for failure to state a claim upon which relief may

be granted); *see also Brothers v. Ga. Dep't of Corrs.*, No. 1:13-CV-0809-WSD, 2013 WL 5999723, at *2 (N.D. Ga. Nov. 12, 2013) (recognizing general rule that dismissal for failure to state a claim under Rule 12(b)(6) is a judgment on the merits). The third factor is met because the parties in this action are identical to those in *Tonea IV*. *See generally id.*

Finally, the fourth factor is met because the instant case plainly concerns the same set of facts and legal complaints as *Tonea IV*. As mentioned above, the doctrine of *res judicata* bars not only the exact legal theories advanced in an earlier action, but also to all legal theories and claims that arise out the same nucleus of operative facts. Thus, "[a] new claim is barred by *res judicata* if it is based on a legal theory that was or could have been used in the prior action." *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1377 (11th Cir. 2011) (citing *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238-39 (11th Cir. 1999)). In *Tonea IV*, as here, Tonea argued that Nationstar lacked standing to foreclose on the Property due to perceived defects in the assignment and transfer of his mortgage. *See Tonea IV*, 2017 WL 406982, at *2. In this case, Tonea's complaint similarly boils down to an identical assertion that Nationstar lacks standing to foreclose on the Property because of purported flaws in the assignment of the mortgage. Thus, even though

Tonea's assertions regarding how the assignment was flawed differ somewhat from what he presented in *Tonea IV*, the nucleus of operative facts is the same, and Tonea could have raised his present theories and claims in *Tonea IV*. Indeed, the instant complaint alleges no facts concerning the securitization of his loan that did not exist when he filed *Tonea IV*, nor have there been any changes in the law concerning such claims. Accordingly, there is an identity of causes of action between this case and *Tonea IV,* and, therefore, the fourth *res judicata* factor is met.

As Nationstar has demonstrated that the four *res judicata* factors are met, its motion to dismiss is due to be granted, and Tonea's case dismissed with prejudice.

### III. CONCLUSION

For the foregoing reasons, I **RECOMMEND** that Nationstar's motion to dismiss [Doc. 3] be **GRANTED** and that the case be **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

IT IS SO RECOMMENDED this 26th day of January, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge