# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MIRCEA F. TONEA, <br><br>        Plaintiff, <br><br>v. <br><br>NATIONSTAR MORTGAGE, LLC, <br><br>        Defendant. | 1:17-cv-4138-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge John K. Larkins, III's Final Report and Recommendation [5] ("Final R&R"), which recommends granting Defendant Nationstar Mortgage, LLC's ("Defendant") Motion to Dismiss [3] and dismissing the action with prejudice.

## I.    BACKGROUND

On October 18, 2017, Plaintiff Mircea F. Tonea ("Plaintiff"), proceeding *pro se*, filed his "Verified Complaint for Lack of Standing to Foreclose, Fraud in the Concealment, Fraud in the Inducement, Unconscionable Contract, Breach of Contract, Breach of Fiduciary Duty, Slander of Title, Damages and Relief" [1] (the "Complaint"). This is the fifth lawsuit filed by Plaintiff in an attempt to avoid a foreclosure sale of property located at 1845 Oak Wind Lane, Buford, Georgia, and

at least Plaintiff's third case against his mortgage servicer, Defendant.[1]  Plaintiff's Complaint contains a "rambling hodgepodge of legal and factual assertions[,]" which "principally challenges the manner in which his mortgage loan was securitized and assigned following its origination in 2004."  (See generally [1]; see also [5] at 3).  Plaintiff alleges a number of state law claims against Defendant and seeks damages and declaratory relief.  ([1] at 19-41).

On November 13, 2017, Defendant filed its Motion to Dismiss.  In it, Defendant argues Plaintiff's Complaint is an impermissible shotgun pleading and fails to state a claim upon which relief can be granted.  ([3.1] at 4-7).  Defendant, in the alternative, argues Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel.  (Id. at 7-10).  Plaintiff did not file a response to the Motion to Dismiss.  On January 26, 2018, the Magistrate Judge issued the Final R&R, recommending granting Defendant's Motion to Dismiss on the grounds that Plaintiff's Complaint is barred by the doctrine of *res judicata*.  ([5] at 3).  The

---

[1]  See Tonea v. Bank of Am., 1:12-cv-2642-WSD (N.D. Ga. 2012) ("Tonea I"); Tonea v. Bank of Am., 1:13-cv-1435-WSD (N.D. Ga. 2014) ("Tonea II"); Tonea v. Nationstar Mortg., LLC, 1:14-cv-2397-WSD (N.D. Ga. 2014) ("Tonea III"); Tonea v. Nationstar Mortg., LLC, 1:16-cv-3009-WSD (N.D. Ga. 2016) ("Tonea IV").  On January 31, 2017, this Court dismissed Tonea IV on its merits for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), holding, among other things, that Plaintiff's allegation that Nationstar lacked standing did not support a cognizable claim for relief under Georgia law.  See Tonea v. Nationstar Mort. LLC, No. 1:16-cv-3009-WSD, 2017 WL 306982, at *4-5 (N.D. Ga. Jan. 31, 2017).

parties did not file objections.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Jeffrey S. by Ernest S v. State Bd. of Educ. Of State of Ga., 896 F.2d 507, 512, 513 (11th Cir. 1990). Where, as here, there have been no objections filed, the Court reviews for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B. Analysis

The Magistrate Judge ultimately concluded Plaintiff's Complaint is barred by the doctrine of *res judicata*. "[R]es judicata can be applied only if all of four factors are shown: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must

involve the same causes of action." E.E.O.C. v. Pemco Aeroplex, Inc., 383 F.3d 1280, 1285 (11th Cir. 2004) (quotation omitted). An earlier decision precludes not only identical claims, but also all legal theories and claims that could have been raised earlier and that "aris[e] out of the same nucleus of operative fact." Baloco v. Drummond Co., Inc., 767 F.3d 1229, 1247 (11th Cir. 2014). The court may consider the defense of *res judicata* on a motion to dismiss filed under Rule 12(b)(6) when the existence of the defense can be determined from the face of the complaint. See Solis v. Global Acceptance Credit Co., 601 F. App'x 767, 771 (11th Cir. 2015). The court may also take judicial notice of its own records in resolving a motion to dismiss. Id.

The Magistrate Judge found the first factor of the *res judicata* doctrine satisfied because the decision in Tonea IV was rendered by this Court, "which is unquestionably a court of competent jurisdiction." ([5] at 5). The Magistrate Judge next found the second factor satisfied because "the Court's decision in Tonea IV was a final judgment on the merits. " (Id.). The Magistrate Judge further found the third factor satisfied because "the parties in this action are identical to those in Tonea IV." Finally, the Magistrate Judge found the fourth factor satisfied because "the instant case plainly concerns the same set of facts and legal complaints as Tonea IV." (Id. at 6). The Magistrate Judge concluded that

Defendant "demonstrated that the four *res judicata* factors are met," and, therefore, its Motion to Dismiss is "due to be granted." ([5] at 7). The Court finds no plain error in the Magistrate Judge's findings or recommendation.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins, III's Final Report and Recommendation [5] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Nationstar Mortgage, LLC's Motion to Dismiss [3] is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 21st day of June, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE